# Exhibit A

Paul J. Luwe, Esq.
Gary L. Walton, Esq.
WALTON & LUWE
P.O. Box 4248
Butte, Montana 59702-4248
(406) 494-1385

Attorneys for Plaintiff



FILED

OCT 13 2010

SANDRA M. FOX, CLERK
BY SANDRA M. FOX
       DEPUTY

MONTANA TWENTY-SECOND JUDICIAL DISTRICT COURT
STILLWATER COUNTY

| | | |
|---|---|---|
| GUY BOYLES, | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO. DV 10-82 |
| | ) | |
| -vs- | ) | |
| | ) | **COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| STILLWATER MINING | ) | |
| COMPANY, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Guy Boyles, by and through his attorneys, Walton & Luwe, and for his claims against the Defendant alleges as follows:

1. This is an action against Stillwater Mining Company for its unlawful employment practice on the basis of disability under MCA Title 49; and under Title I of the Americans With Disabilities Act of 1990 ("ADA"), ADA §§ 101 to 108 (42 U.S.C.A. §§ 12111 to 12117) and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 USCA 2000e – 2000e17) and as incorporated into the ADA.

2. Guy Boyles, ("Boyles"), is a citizen and resident of Absarokee, Stillwater County, Montana.

3. Defendant Stillwater Mining Company is a Delaware corporation that is authorized to and does do business in Montana.



1. **COMPLAINT AND DEMAND FOR JURY TRIAL**

4. Stillwater Mining Company has at all times relevant hereto done business in the State of Montana, and has continuously had and does now have at least fifteen (15) employees.

5. On August 19, 2010, The Human Rights Bureau, Montana Department of Labor and Industry, issued a Notice of Right to File Civil Action in District Court within 90 days. Boyles has filed this Complaint within the 90 days.

6. Consequently, all jurisdictional perquisites to the institution of this lawsuit have been fulfilled, and Boyles has exhausted his administrative remedies.

7. The Court has personal and subject matter concurrent jurisdiction of the Defendant.

8. Mr. Boyles was hired by Stillwater Mining Company on July 6, 1998. On August 20, 2007, Mr. Boyles was seriously injured at his job site when he became entangled in a rotating steel drill.

9. Mr. Boyles had been promoted several times and at the time of his occupation injury was working as a Sublevel I Miner, Leadman.

10. Mr. Boyles suffers from a physical disability that limits major life activity, including but not limited to working and lifting. Mr. Boyles is a qualified individual with a disability within the meaning of the ADA.

11. Mr. Boyles returned to work in a light duty position on July 29, 2008 and continued to work in this position through September 21, 2008.

12. Stillwater Mining Company received a letter dated August 5, 2008 from Dr. Steven Moran, Mayo Clinic informing Stillwater Mining Company that Mr. Boyles was cleared for a light duty position with a temporary weight restriction of 15-20 pounds on his left hand. The letter further advised that Mr. Boyles will have a permanent weight restriction on his left hand of 40 pounds and that Dr. Moran "would be happy

to work with his employer to help find him [Guy Boyles] a new position". A copy of this letter is attached hereto as Exhibit "A" and incorporated herein by reference.

13. Stillwater Mining Company did not seek assistance from Dr. Moran in 2008 in finding Mr. Boyles a new position. Stillwater Mining Company in 2008 did not engage in the interactive process to identify reasonable accommodations for Mr. Boyles.

14. In June of 2009, Mr. Boyles inquired about returning to work for Stillwater Mining Company. Mr. Boyles was informed by Stillwater Mining Company that pursuant to Article 9, Section 3 of the Collective Bargaining Agreement his employment with Stillwater Mining Company would be terminated on August 21, 2009, the two year anniversary of his occupational accident.

15. Stillwater Mining Company did not engage in or attempt to engage in the interactive process until July 30, 2010 when Lori Holtz, Human Resources Manager for Stillwater Mining informed Guy that she was requesting information from his medical providers.

16. On or about October 6, 2009, Ms. Holtz inquired whether Mr. Boyles was interested in a janitorial position. Mr. Boyles informed Ms. Holtz that he would prefer to return to his old job but that he was interested in the janitorial position. A request was made of Ms. Holtz for a copy of the job description. Stillwater Mining did not send the job description until October 26, 2009. Stillwater Mining Company filled the janitorial job without offering it to Mr. Boyles.

17. Mr. Boyles would have been able to perform the janitorial position with or without reasonable accommodation.

18. A meeting was held on December 8, 2009 between Stillwater Mining Company Representatives Lori Holtz and Dan Hickman, the United Steels Workers Union –

3. **COMPLAINT AND DEMAND FOR JURY TRIAL**

local 11-001 representative Scott McGinnis, and Mr. Boyles. Stillwater Mining Company informed Mr. Boyles that he would not be able to perform his previous job as a Sublevel I Miner nor could he perform the other jobs available because of the Doctor's limitations. Stillwater Mining Company further informed Mr. Boyles that they had filled the previous janitorial position that was discussed in October. There was a current custodian job vacancy; however, Dan Hickman stated that Stillwater Mining Company was not going to fill this position. Lori Holtz offered Mr. Boyles a termination date of November 30, 2009 so that Mr. Boyles would be eligible for COBRA payment subsidies offered under President Obama's Plan. Mr. Boyles was given until Monday, December 14, 2009 to decide whether to accept November 30, 2009 as his termination date.

19. On December 14, 2009, Mr. Boyles offered to Stillwater Mining Company the following accommodation: for Stillwater Mining Company to abide by the Collective Bargaining Agreement provision and not terminate him prior to September 2010, two years from the last day he worked in September 2008 so that during the remainder of this 2 year period, Stillwater Mining Company and Mr. Boyles could explore possible reasonable accommodations for his position and any vacancy that became available.

20. This accommodation was reasonable and did not create any undue hardship on Stillwater Mining Company. Stillwater Mining Company rejected this reasonable accommodation. Mr. Boyles's employment was unlawfully terminated by Stillwater Mining Company with a termination date of November 30, 2009.

21. Shortly after Mr. Boyles' termination, Stillwater Mining Company opened, to be filled internally, several Explosives Inventory Technician positions. Stillwater Mining Company knew or should have known on December 8, 2009 that they would

4. **COMPLAINT AND DEMAND FOR JURY TRIAL**

be posting the Explosives Inventory Technician openings. Stillwater Mining Company did not consider Mr. Boyles for these position or offer him one of these positions. Stillwater Mining Company did not extend or grant Mr. Boyles a leave of absence so that he could apply for the position. Mr. Boyles was unable to apply for the position because the positions were advertised internally within the company and Mr. Boyles was no longer an employee.

22. Mr. Boyles is qualified for the position and can perform the essential functions of the Explosives Inventory Technician position without or with reasonable accommodation.

23. Stillwater Mining Company did not conduct a review of the essential functions of Mr. Boyles' previous job or of any vacancies, including but not limited to the Explosives Inventory Technician position, for possible reallocation or redistribution of nonessential and marginal functions. Stillwater Mining Company did not explore whether any adaptive equipment was available that Mr. Boyles may have been able to use to accommodate his performance in his job or the vacant jobs. Stillwater Mining Company did not consult with any public or private resources available to assist in finding reasonable accommodations for Mr. Boyles.

## COUNT I

24. Mr. Boyles realleges paragraphs 1 through 23, of his Complaint as if fully set forth verbatim.

25. Stillwater Mining Company had a duty to engage in good faith in the ADA interactive process.

26. When Stillwater Mining Company received Dr. Moran's August 5, 2008 letter offering to assist Stillwater Mining Company in finding Mr. Boyles a new position, Stillwater Mining Company had a duty to immediately engage in good faith in the

interactive process. Stillwater Mining Company breached this duty. Stillwater Mining Company did not engage in the interactive process in 2008 and if they did, it was deficient and not in good faith. When Stillwater Mining Company purportedly engaged in the interactive process in July 2009, their engagement in the process was a pretext, deficient, and/or not in good faith.

27. Stillwater Mining Company's employment practices deprived Mr. Boyles of equal employment opportunities, adversely affected his status as an employee, and were the result of his disability.

28. Stillwater Mining Company's acts or failure to act constituted unlawful employment practices in violation of the ADA and Title 49 of the MCA.

29. As a result of Stillwater Mining Company's acts or failure to act, Mr. Boyles has suffered damages.

## COUNT II

30. Mr. Boyles realleges paragraphs 1 through 29 of his Complaint as if fully set forth verbatim.

31. Stillwater Mining Company had a duty to provide reasonable accommodations to Mr. Boyles.

32. Stillwater Mining Company failed to provide reasonable accommodations to Mr. Boyles, including but not limited to, (a) reallocating or redistributing marginal and nonessential functions of Mr. Boyles's job or any vacancy; (b) providing for the use of adaptive equipment for his job or any of the vacancies; (c) offering to transfer him to the vacant custodian positions; (d) extending his employment or granting him a leave of absence in order for Mr. Boyles to apply for one of the Explosives Inventory Technician positions; (e) offering to transfer Mr. Boyles to one of the Explosives

Inventory Technician positions; and/or (f) rejecting Mr. Boyles reasonable request for accommodation.

33. Stillwater Mining Company's acts and failure to act constitute unlawful employment practices in violation of the ADA and Title 49 of the MCA.

34. Stillwater Mining Company's employment practices deprived Mr. Boyles of his equal employment opportunities, adversely affected his status as an employee, and were the result of his disability.

35. As a result of Stillwater Mining Company's acts or failure to act, Mr. Boyles has suffered damages.

## COUNT III

36. Mr. Boyles realleges paragraphs 1 through 35 of his Complaint as if fully set forth verbatim.

37. Stillwater Mining Company unlawfully discriminated against Mr. Boyles when Stillwater Mining Company terminated Mr. Boyles's employment.

38. Stillwater Mining Company's employment practices deprived Mr. Boyles of equal employment opportunities, otherwise adversely affected his status as an employee, and were motivated by his disability.

39. As a result of Stillwater Mining Company's acts or failure to act, Mr. Boyles has suffered damages.

## COUNT IV

40. Mr. Boyles realleges paragraphs 1 through 39 of his Complaint as if fully set forth verbatim.

41. Stillwater Mining Company conduct was intentional or reckless.

42. As a result of Stillwater Mining Company's conduct, Mr. Boyles suffered severe emotional distress and mental anguish.

7. COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT V

43. Mr. Boyles realleges paragraphs 1-42 of his Complaint as if fully set forth verbatim.

44. Stillwater Mining Company acted with actual malice in discharging Mr. Boyles.

45. Mr. Boyles is entitled to recover from Stillwater Company exemplary or punitive damages in an amount to be proven at trial pursuant to MCA 27-1-221, and pursuant to the ADA.

WHEREFORE, Plaintiff prays for relief as follows:

1. For general, special and compensatory damages sustained by him to reasonably compensate him for the damages caused by the Defendant;

2. Compensatory damages for mental pain, emotional distress and mental anguish in amounts to be proven at trial;

3. For punitive damages in an amount to be proven at trial;

4. For reasonable attorney fees and the costs of this action;

5. For other affirmative relief necessary to eradicate the effect of Defendant's unlawful employment practices; and

6. For any and all further relief that the Court deems just and proper.

Dated: October 12, 2010.

WALTON & LUWE

By /s/ Paul K. Luwe
Attorneys for Plaintiff
P.O. Box 4248
Butte, Montana 59702-4248

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury of all issues so triable in this action.

8. **COMPLAINT AND DEMAND FOR JURY TRIAL**

Dated: October 12, 2010.

WALTON & LUWE

By _____
Attorneys for Plaintiff
P.O. Box 4248
Butte, Montana 59702-4248

W/10244/Doc/20101006.a/attpjl

9. COMPLAINT AND DEMAND FOR JURY TRIAL

**MAYO CLINIC**

200 First Street SW
Rochester, Minnesota 55905
507-284-2511

Steven L. Moran, M.D.
Division of Plastic Surgery
Division of Hand Surgery

August 5, 2008

RE: Mr. Guy Boyles
MC#: 6-477-140
DOB: 1965-6-26

To Whom It May Concern:

This letter is regarding Mr. Guy Boyles and his wrist injury. Mr. Boyles was seen by us in early 2008. He suffered a traumatic avulsion of his distal radial ulnar joint during a mining accident. Mr. Boyles had evidence of disruption of his dorsal radial ulnar ligament, which provides stability for the forearm bones. In May 2008 he underwent reconstruction of the distal radial ulnar joint consisting of a palmaris tendon autograft which weaved through the radius and ulna. Mr. Boyles has been progressing with therapy, but continues to have limitations in terms of forearm rotation.

Mr. Boyles will have permanent restrictions from his reconstruction, and probably will never be able to lift more than 40 pounds with his left hand. While we are hopeful that he will regain range of motion of the forearm, it is possible that he may have limitations in terms of being able to bring his palm directly into supination.

Mr. Boyles will probably require several more months of therapy. During this time he would be capable of performing light duties, and is presently at a 15-20 pound weight restriction with his left hand. Hopefully this will continue to increase. I have realistic expectations for Mr. Boyles, but do not feel that handling mining equipment will be in his best interest. I would be happy to work with his employer to help find him a new position, or if there are questions or concerns regarding his prognosis, I would be happy to discuss these as well.

Signed: _____
Steven L. Moran, M.D.

SLM:rch

Dictated but sent before signature

EXHIBIT
A