Paul J. Luwe, Esq.
Gary L. Walton, Esq.
WALTON & LUWE
P.O. Box 4248
Butte, Montana 59702-4248
(406) 494-1385
pluwe@walton-law.com
gwalton@walton-law.com

    Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| GUY BOYLES, | ) | |
| | ) | |
| Plaintiff, | ) | NO. CV-10-134-BLG-RFC |
| | ) | |
| -vs- | ) | |
| | ) | AMENDED COMPLAINT AND |
| | ) | DEMAND FOR JURY TRIAL |
| STILLWATER MINING | ) | |
| COMPANY, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the Plaintiff, Guy Boyles, by and through his

attorneys, Walton & Luwe, and for his claims against the Defendant

alleges as follows:

1.    Plaintiff Guy Boyles ("Boyles") is an individual residing in

    Absarokee, Stillwater County, Montana and brings this action

against Stillwater Mining Company for its unlawful employment practice on the basis of disability under MCA Title 49; and under Title I of the Americans With Disabilities Act of 1990 ("ADA"), ADA §§ 101 to 108 (42 U.S.C.A. §§ 12111 to 12117) and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 USCA 2000e – 2000e17) and as incorporated into the ADA.

2.    Defendant Stillwater Mining Company is a Delaware corporation that is authorized to and does do business in Montana.

3.    Stillwater Mining Company has at all times relevant hereto done business in the State of Montana, and has continuously had and does now have at least fifteen (15) employees.

4.    On August 19, 2010, The Human Rights Bureau, Montana Department of Labor and Industry, issued a Notice of Right to File Civil Action in District Court within 90 days.  Boyles has filed this Complaint within the 90 days.

5.    Plaintiff Guy Boyles ("Boyles") also brings this action pursuant to Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C.A. § 185, against Stillwater Mining Company

to recover damages for violation of a collective bargaining agreement.

6.    At all times mentioned, Stillwater Mining Company was engaged in a business affecting interstate commerce within the meaning of Section 301 of the LMRA (29 U.S.C.A. § 185), and within the definitions set forth in sections 2(2) and 501(1) and (3) (29 U.S.C.A. §§ 152(2), 142(1) and (3)).

7.    United Steel Workers International Union ("USW") was at all times mentioned a labor organization representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA (29 U.S.C.A. § 185) and within the definitions set forth in sections 2(5) and 501(1) and (3) (29 U.S.C.A. §§ 152(5), 142(1) and (3)), and USW through Local 11-001 and their duly authorized officers and agents are engaged in representing and acting for employee members, including Mr. Boyles. USW, Local 11-001 maintains an office in Columbus, Montana.

8.    Stillwater Mining Company, and USW and its Local 11-001 on or about July 17, 2007, entered into a collective-bargaining

agreement (CBA) covering Stillwater Mining Company's

employees, including Mr. Boyles.

9.    United Steels Workers Union – local 11-001 undertook

representation of Mr. Boyles in presenting his ADA claim and

request for accommodation to Stillwater Mining Company.  When

Mr. Boyles was terminated, USW filed a grievance on behalf of

Mr. Boyles concerning Stillwater Mining Company's termination

of Mr. Boyles's employment. A copy of the grievance is attached to

this Amended Complaint, marked "Exhibit A," and incorporated

herein by reference. USW failed to fully process the grievance and

USW notified Mr. Boyles in a written communication dated May

10, 2010 that they were withdrawing the grievance and "abdicated

any further action against the Company". A copy of this

communication is attached to this Amended Complaint, marked

"Exhibit B", and incorporated herein by reference.

10.   The United Steels Workers Union – local 11-001 representative

had not been trained by the USW or received any training on how

to handle or process an ADA claim prior to undertaking his

representation of Mr. Boyles. USW breached its duty of fair

representation of Mr. Boyles by failing to provide training on handling and processing ADA claims. USW further breached its duty of fair representation of Mr. Boyles when USW determined not to fully process Mr. Boyles's grievance to arbitration, and that such action on the part of USW was perfunctory, arbitrary, discriminatory, or made in bad faith.

11. All jurisdictional perquisites to the institution of this lawsuit have been fulfilled, and Boyles has exhausted his administrative remedies.

12. The Court has personal and subject matter jurisdiction of the Defendant.

13. Mr. Boyles was hired by Stillwater Mining Company on July 6, 1998. On August 20, 2007, Mr. Boyles was seriously injured at his job site when he became entangled in a rotating steel drill.

14. Mr. Boyles had been promoted several times and at the time of his occupation injury was working as a Sublevel I Miner, Leadman.

15. Mr. Boyles suffers from a physical disability that limits major life activities, including but not limited to working and lifting. Mr.

Boyles is a qualified individual with a disability within the meaning of the ADA.

16.   Mr. Boyles returned to work in a light duty position on July 29, 2008 and continued to work in this position through September 21, 2008.

17.   Stillwater Mining Company received a letter dated August 5, 2008 from Dr. Steven Moran, at the Mayo Clinic informing Stillwater Mining Company that Mr. Boyles was cleared for a light duty position with a temporary weight restriction of 15-20 pounds on his left hand.  Dr. Moran further advised Stillwater Mining Company that Mr. Boyles will have a permanent weight restriction on his left hand of 40 pounds and that Dr. Moran "would be happy to work with his employer to help find him [Guy Boyles] a new position". A copy of this letter is attached hereto as Exhibit "C" and incorporated herein by reference.

18.   Stillwater Mining Company did not seek assistance from Dr. Moran in 2008 in finding Mr. Boyles a new position.  Stillwater Mining Company in 2008 did not engage in the interactive process to identify reasonable accommodations for Mr. Boyles.

19. In June of 2009, Mr. Boyles inquired about returning to work for Stillwater Mining Company.  Mr. Boyles was informed by Stillwater Mining Company that pursuant to Article 9, Section 3 of the Collective Bargaining Agreement his employment with Stillwater Mining Company would be terminated on August 21, 2009, the two year anniversary of his occupational accident.

20. Stillwater Mining Company did not engage in or attempt to engage in the interactive process until July 30, 2010 when Lori Holtz, Human Resources Manager for Stillwater Mining informed Mr. Boyles that she was requesting information from his medical providers.

21. On or about October 6, 2009, Ms. Holtz inquired whether Mr. Boyles was interested in a janitorial position.  Mr. Boyles informed Ms. Holtz that he would prefer to return to his old job but that he was interested in the janitorial position. A request was made of Ms. Holtz for a copy of the job description. Stillwater Mining Company did not send the job description until October 26, 2009. Stillwater Mining Company filled the janitorial job without offering it to Mr. Boyles.

22. Mr. Boyles would have been able to perform the janitorial position with or without reasonable accommodation.

23. A meeting was held on December 8, 2009 between Stillwater Mining Company Representatives Lori Holtz and Dan Hickman, Scott McGinnis, the United Steels Workers Union – local 11-001 representative, and Mr. Boyles. Stillwater Mining Company informed Mr. Boyles that he would not be able to perform his previous job as a Sublevel I Miner nor could he perform the other jobs available because of the Doctor's limitations.  Stillwater Mining Company further informed Mr. Boyles that they had filled the previous janitorial position that was discussed in October 2009.  There was a current custodian job vacancy; however, Dan Hickman stated that Stillwater Mining Company was not going to fill that position.  Lori Holtz offered Mr. Boyles a termination date of November 30, 2009 so that Mr. Boyles would be eligible for COBRA payment subsidies offered under President Obama's Plan. Mr. Boyles was given until Monday, December 14, 2009 to decide whether to accept November 30, 2009 as his termination date.

24. On December 14, 2009, Mr. Boyles offered to Stillwater Mining Company the following accommodation:  for Stillwater Mining Company to abide by the Collective Bargaining Agreement provision and not terminate him prior to September 2010, two years from the last day he worked in September 2008 so that during the remainder of this two year period, Stillwater Mining Company and Mr. Boyles could explore possible reasonable accommodations for his position and any vacancy that became available.

25. This accommodation was reasonable and did not create any undue hardship on Stillwater Mining Company.  Stillwater Mining Company rejected this reasonable accommodation. Mr. Boyles's employment was unlawfully terminated by Stillwater Mining Company with a termination date of November 30, 2009.

26. Shortly after Mr. Boyles' termination, Stillwater Mining Company opened, to be filled internally, several Explosives Inventory Technician positions. Stillwater Mining Company knew or should have known on December 8, 2009 that they would be posting the Explosives Inventory Technician openings. Stillwater Mining

Company did not consider Mr. Boyles for these positions or offer him one of these positions. Stillwater Mining Company did not extend or grant Mr. Boyles a leave of absence so that he could apply for the position. Mr. Boyles was unable to apply for the position because the positions were advertised internally within the company and Mr. Boyles was no longer an employee.

27.   Mr. Boyles is qualified for the position and can perform the essential functions of the Explosives Inventory Technician position with or without reasonable accommodation.

28.   Stillwater Mining Company did not conduct a review of the essential functions of Mr. Boyles's previous job or of any vacancies, including but not limited to the Explosives Inventory Technician position, for possible reallocation or redistribution of nonessential and marginal functions. Stillwater Mining Company did not explore whether any adaptive equipment was available that Mr. Boyles may have been able to use to accommodate his performance in his job or the vacant jobs. Stillwater Mining Company did not consult with any public or private resources

available to assist in finding reasonable accommodations for Mr.

Boyles.

## COUNT I

29.   Mr. Boyles realleges paragraphs 1 through 28, of his Amended

Complaint as if fully set forth verbatim.

30.   Stillwater Mining Company had a duty to engage in good faith in

the ADA interactive process.

31.   When Stillwater Mining Company received Dr. Moran's August 5,

2008 letter offering to assist Stillwater Mining Company in

finding Mr. Boyles a new position, Stillwater Mining Company

had a duty to immediately engage in good faith in the interactive

process. Stillwater Mining Company breached this duty.

Stillwater Mining Company did not engage in the interactive

process in 2008 and if they did, it was deficient and not in good

faith. When Stillwater Mining Company purportedly engaged in

the interactive process in July 2009, their engagement in the

process was a pretext, deficient, and/or not in good faith.

32. Stillwater Mining Company's employment practices deprived Mr. Boyles of equal employment opportunities, adversely affected his status as an employee, and were the result of his disability.

33. Stillwater Mining Company's acts or failure to act constituted unlawful employment practices in violation of the ADA and Title 49 Montana Code Annotated.

34. As a result of Stillwater Mining Company's acts or failure to act, Mr. Boyles has suffered damages.

## COUNT II

35. Mr. Boyles realleges paragraphs 1 through 34 of his Amended Complaint as if fully set forth verbatim.

36. Stillwater Mining Company had a duty to provide reasonable accommodations to Mr. Boyles.

37. Stillwater Mining Company failed to provide reasonable accommodations to Mr. Boyles, including but not limited to, (a) reallocating or redistributing marginal and nonessential functions of Mr. Boyles's job or any vacancy; (b) providing for the use of adaptive equipment for his job or any of the vacancies; (c) offering to transfer him to the vacant custodian positions; (d) extending his

employment or granting him a leave of absence in order for Mr. Boyles to apply for one of the Explosives Inventory Technician positions; (e) offering to transfer Mr. Boyles to one of the Explosives Inventory Technician positions; and/or (f) rejecting Mr. Boyles reasonable request for accommodation.

38. Stillwater Mining Company's acts and failure to act constitute unlawful employment practices in violation of the ADA and Title 49 Montana Code Annotated.

39. Stillwater Mining Company's employment practices deprived Mr. Boyles of his equal employment opportunities, adversely affected his status as an employee, and were the result of his disability.

40. As a result of Stillwater Mining Company's acts or failure to act, Mr. Boyles has suffered damages.

## COUNT III

41. Mr. Boyles realleges paragraphs 1 through 40 of his Amended Complaint as if fully set forth verbatim.

42. Stillwater Mining Company unlawfully discriminated against Mr. Boyles when Stillwater Mining Company terminated Mr. Boyles's employment.

43. Stillwater Mining Company's employment practices deprived Mr. Boyles of equal employment opportunities, otherwise adversely affected his status as an employee, and were motivated by his disability.

44. As a result of Stillwater Mining Company's acts or failure to act, Mr. Boyles has suffered damages.

## COUNT IV

45. Mr. Boyles realleges paragraphs 1 through 44 of his Amended Complaint as if fully set forth verbatim.

46. Stillwater Mining Company's practice under the collective bargaining agreement is to terminate an employee if the employee fails to return to work within two years.

47. Mr. Boyles had returned to work on July 29, 2008 and worked through September 21, 2008. Stillwater Mining Company violated the collective bargaining agreement that was in effect by terminating Mr. Boyles prior to September 22, 2010, the end of the two year period.

48. Mr. Boyles has suffered damages as a result of Stillwater Mining Company's breach of the collective bargaining agreement.

## COUNT V

49.  Mr. Boyles realleges paragraphs 1 through 48 of his Amended Complaint as if fully set forth verbatim.

50.  Stillwater Mining Company conduct was intentional or reckless.

51.  As a result of Stillwater Mining Company's conduct, Mr. Boyles suffered severe emotional distress and mental anguish.

## COUNT VI

52.  Mr. Boyles realleges paragraphs 1-51 of his Amended Complaint as if fully set forth verbatim.

53.  Stillwater Mining Company acted with actual malice in discharging Mr. Boyles.

54.  Mr. Boyles is entitled to recover from Stillwater Mining Company exemplary or punitive damages in an amount to be proven at trial pursuant to MCA § 27-1-221, and pursuant to the ADA.

WHEREFORE, Plaintiff prays for relief as follows:

1.  For general, special and compensatory damages sustained by him to reasonably compensate him for the damages caused by the Defendant;

2.     Compensatory damages for mental pain, emotional distress and mental anguish in amounts to be proven at trial;

3.     For punitive damages in an amount to be proven at trial;

4.     For reasonable attorney fees and the costs of this action;

5.     For other affirmative relief necessary to eradicate the effect of Defendant's unlawful employment practices; and

6.     For any and all further relief that the Court deems just and proper.

Dated:  November 4, 2010.

WALTON & LUWE

By   /s/ Paul J. Luwe
    Paul J. Luwe
    Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury of all issues so triable in this action.

Dated:  November 4, 2010.

WALTON & LUWE


By   /s/ Paul J. Luwe
    Paul J. Luwe
    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, hereby certify that on that on November 4, 2010, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1, 2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-mail |

1.    Clerk, U.S. District Court

2.    Jeanne Matthews Bender
      Jason S. Ritchie
      Adrian A. Miller
      Holland & Hart LLP
      401 North 31st Street, Suite 1500
      P.O. Box 639
      Billings, Montana 59103-0639

                           WALTON & LUWE


                           By__/s/ Paul J. Luwe__
                              Paul J. Luwe
                              Attorney for Plaintiff

W/10244/Doc/20101103.a/attpjl

**18.  AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**