Jeanne Matthews Bender
Jason S. Ritchie
Adrian A. Miller
Holland & Hart LLP
401 North 31st Street
Suite 1500
P.O. Box 639
Billings, Montana  59103-0639
Telephone:  (406) 252-2166
Fax:  (406) 252-1669
aamiller@hollandhart.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| GUY BOYLES, | ) | No. CV-10-134-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER** |
| vs. | ) | |
| | ) | |
| STILLWATER MINING | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Stillwater Mining Company ("Stillwater"), for its answer to

Plaintiff's Amended Complaint (the "Complaint"), states as follows:

## **INTRODUCTION**

1. Stillwater admits that Plaintiff is an individual residing in Absarokee, Stillwater County, Montana, upon information and belief. Stillwater denies that it has engaged in unlawful employment practices. Stillwater further states that the laws referred to in paragraph 1 of the Complaint speak for themselves and denies Plaintiff's attempts to characterize those laws.

2. Stillwater admits the allegations in paragraph 2 of the Complaint.

3. Stillwater admits the allegations in paragraph 3 of the Complaint.

4. Stillwater admits the allegations in paragraph 4 of the Complaint.

5. Stillwater denies that it has violated a collective bargaining agreement. Plaintiff further denies that Section 301 of the Labor Management Relations Act applies to Plaintiff's Complaint. Stillwater further states that the laws referred to in paragraph 5 of the Complaint speak for themselves and denies Plaintiff's attempt to characterize those laws.

6. Paragraph 6 of the Complaint asks for a legal conclusion and therefore no response is required. To the extent a response is required, Stillwater denies.

7. Stillwater admits that Plaintiff was a member of the United Steel Workers International Union and states that the first sentence of paragraph 7 of the Complaint asks for a legal conclusion and therefore no response is required. To

the extent a response is required, Stillwater denies.  Stillwater admits the second sentence of paragraph 7 of the Complaint.

8. Stillwater admits the allegations in paragraph 8 of the Complaint.

9. Stillwater denies the allegations in the first sentence of paragraph 9 of the Complaint.  Stillwater admits the allegations in the second sentence of paragraph 9 of the Complaint.  Stillwater denies the allegations in paragraph 9 of the Complaint to the extent that they are inconsistent with Exhibit A.  Stillwater is without knowledge or information sufficient to form a belief as to the allegations in the fourth sentence of paragraph 9 of the Complaint and therefore denies them.  Stillwater denies the allegations in paragraph 9 of the Complaint to the extent that they are inconsistent with Exhibit B.

10. Stillwater is without knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint and therefore denies them.

11. Stillwater denies the allegations in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint asks for a legal conclusion and therefore no response is required.  To the extent a response is required, Stillwater denies.

13. Stillwater admits the allegations in paragraph 13 of the Complaint.

14. Stillwater admits the allegations in paragraph 14 of the Complaint.

15.  Stillwater admits the allegations in the first sentence of paragraph 15 of the Complaint.  The second sentence of paragraph 15 of the complaint asks for a legal conclusion and therefore no response is required.  To the extent a response is required, Stillwater denies.

16.  Stillwater admits the allegations in paragraph 16 of the Complaint.

17.  Stillwater admits that it received a letter from Dr. Moran dated August 5, 2008.  Stillwater states that Exhibit C speaks for itself and denies any attempts to characterize the exhibit.

18.  Stillwater admits the allegations in the first sentence of paragraph 18 of the Complaint.  Stillwater denies the allegations in the second sentence of paragraph 18 of the Complaint.

19.  Stillwater denies the allegations in paragraph 19 of the Complaint.

20.  Stillwater denies the allegations in paragraph 20 of the Complaint.

21.  Stillwater admits the first sentence of paragraph 21 of the Complaint.  Stillwater denies the allegations in the second sentence of paragraph 21.  Stillwater admits that it sent a copy of the janitorial job description to Plaintiff.  Stillwater denies the remaining allegations in paragraph 21 of the Complaint.

22.  Stillwater is without knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the Complaint and therefore denies them.

23.     Stillwater admits the allegations in the first sentence of paragraph 23 of the Complaint, but affirmatively states that the meeting took place on December 7, 2009.  Stillwater denies the allegations in the second sentence of paragraph 23.  Stillwater admits the allegations in the third sentence of paragraph 23.  Stillwater denies the allegations in the fourth sentence of paragraph 23.  Stillwater admits that it discussed the possibility of extending Plaintiff's termination date at this meeting.  Stillwater denies the remainder of the allegations in paragraph 23 of the Complaint.

24.     Stillwater admits that it met with Plaintiff on December 14, 2009, and that the only accommodation offered by Plaintiff was that Stillwater continue paying for his health insurance and continue his leave of absence for two years.  Stillwater denies the remainder of paragraph 24 of the Complaint.

25.     Stillwater denies the allegations in paragraph 25 of the Complaint.

26.     Stillwater admits the first sentence of paragraph 26 of the Complaint.  Stillwater denies the second sentence of paragraph 26 of the Complaint.  Stillwater admits the third sentence of paragraph 26 of the Complaint.  Stillwater admits the fourth sentence of paragraph 26 of the Complaint.  Stillwater denies the fifth sentence of paragraph 26 of the Complaint.

27.     Stillwater is without knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Complaint and therefore denies them.

28. Stillwater denies the allegations in paragraph 28 of the Complaint.

## COUNT I

29. Stillwater realleges and incorporates its responses to paragraphs 1-28 of the Complaint as if fully set forth herein.

30. Stillwater admits the allegations in paragraph 30 of the Complaint.

31. Stillwater denies the allegations in paragraph 31 of the Complaint.

32. Stillwater denies the allegations in paragraph 32 of the Complaint.

33. Stillwater denies the allegations in paragraph 33 of the Complaint.

34. Stillwater denies the allegations in paragraph 34 of the Complaint.

## COUNT II

35. Stillwater realleges and incorporates its responses to paragraphs 1-34 of the Complaint as if fully set forth herein.

36. Stillwater denies the allegations in paragraph 36 of the Complaint.

37. Stillwater denies the allegations in paragraph 37 of the Complaint.

38. Stillwater denies the allegations in paragraph 38 of the Complaint.

39. Stillwater denies the allegations in paragraph 39 of the Complaint.

40. Stillwater denies the allegations in paragraph 40 of the Complaint.

## COUNT III

41. Stillwater realleges and incorporates its responses to paragraphs 1-40 of the Complaint as if fully set forth herein.

42. Stillwater denies the allegations in paragraph 42 of the Complaint.

43. Stillwater denies the allegations in paragraph 43 of the Complaint.

44. Stillwater denies the allegations in paragraph 44 of the Complaint.

## COUNT IV

45. Stillwater realleges and incorporates its responses to paragraphs 1-44 of the Complaint as if fully set forth herein.

46. Stillwater denies the allegations in paragraph 46 of the Complaint.

47. Stillwater admits that Plaintiff returned to a light duty position between July 29, 2008 and September 21, 2008. Stillwater denies the remainder of paragraph 47.

48. Stillwater denies the allegations in paragraph 48 of the Complaint.

## COUNT V

49. Stillwater realleges and incorporates its responses to paragraphs 1-48 of the Complaint as if fully set forth herein.

50. Stillwater denies the allegations in paragraph 50 of the Complaint.

51. Stillwater denies the allegations in paragraph 51 of the Complaint.

## COUNT VI

52. Stillwater realleges and incorporates its responses to paragraphs 1-51 of the Complaint as if fully set forth herein.

53. Stillwater denies the allegations in paragraph 53 of the Complaint.

54. Stillwater denies the allegations in paragraph 54 of the Complaint.

55.     Stillwater denies each and every allegation in the Complaint that is not specifically admitted herein.

## DEFENSES

The following defenses are asserted based on Stillwater's knowledge at this time in an effort to preserve all available defenses. Discovery may reveal that additional defenses are available and Stillwater reserves the right to amend its Answer and plead additional defenses. Upon completion of discovery, Stillwater may withdraw any of these defenses as appropriate.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The ability of Plaintiff to lift 20 pounds was a Bona Fide Occupational Qualification of a Sublevel I Miner, Leadman. The ability to lift 30 pounds is a Bona Fide Occupational Qualification of an Explosives Inventory Technician. Therefore, Plaintiff could not have reasonably performed these jobs.

## THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

## FOURTH DEFENSE

Plaintiff has failed to exhaust his remedies under the Americans with Disabilities Act.

## FIFTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted specifically in Count VI of the Complaint. Punitive damages are not available under Montana's Human Rights Act. Mont. Code Ann. § 49-2-506(c)(2); Mont. Code Ann. § 49-2-512(3). Furthermore, Plaintiff is not entitled to a jury trial under Montana's Human Rights Act. Mont. Code Ann. § 49-2-512.

## SIXTH DEFENSE

Some or all of Plaintiff's claims are exclusively within the jurisdiction of the National Labor Relations Board. According to 29 U.S.C. § 160, claims of unfair labor practices, including claims of unfair representation, must be brought exclusively under the procedures of the National Labor Relations Board.

## SEVENTH DEFENSE

Plaintiff may have failed in his obligation to mitigate any alleged damages.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

## **NINTH DEFENSE**

Plaintiff has failed to join an indispensible party as required by Fed. R. Civ. P. 19(a). Plaintiff alleges claims against the United Steel Workers International Union in paragraphs 7 through 10 of the Complaint, but Plaintiff has failed to join United Steel Workers International Union as a party.

WHEREFORE, Stillwater prays:

A. That judgment be entered in favor of Stillwater and against Plaintiff on all claims;

B. That Plaintiff take nothing by the Complaint;

C. For its costs and expenses incurred in defending this action; and

D. For such other relief as the Court may deem just and proper.

Dated this 17th day of November, 2010.

    /s/ Adrian A. Miller
Adrian A. Miller
Attorneys for Defendant

4947549_1.DOC